UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kenneth D. W. , | Case No. 2:22-cv-02001-APG-DJA |
| Plaintiff, | **Report and Recommendation** |
| v. | |
| Martin O'Malley[1], Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Kenneth D. W.'s motion for remand (ECF No. 20) and the Commissioner's countermotion to affirm (ECF No. 22). Plaintiff filed a reply (ECF No. 23). Because the Court finds that the administrative law judge ("ALJ") did not sufficiently address supportability or consistency when analyzing medical opinions, but that the ALJ did provide sufficient clear and convincing reasons for rejecting Plaintiff's symptom testimony, the Court recommends granting in part and denying in part Plaintiff's motion for remand (ECF No. 20) and granting in part and denying in part the Commissioner's countermotion to affirm (ECF No. 22). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Background.**

   *A.   Procedural history.*

Plaintiff filed an application for supplemental security income on March 17, 2020, alleging disability commencing March 17, 2020. (ECF No. 20 at 2). The Commissioner denied the claims initially and upon reconsideration. (*Id.*). Plaintiff requested a hearing before an ALJ and ALJ Kathleen Kadlec issued an unfavorable decision on January 10, 2022. (*Id.*). The

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

Appeals Council denied Plaintiff's request for review on September 30, 2022, making the ALJs decision the final decision of the commissioner. (*Id.*).

### B.     The ALJ decision.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a). (AR 23-43). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 17, 2020. (AR 26). At step two, the ALJ found that Plaintiff has the following severe impairments: left shoulder supraspinatus, tendinopathy, and osteoarthritis; degenerative disc disease of the lumbar spine; right hand deformities; bilateral epicondylitis; and cervical spine disorder. (AR 26). At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 26-27). In making this finding, the ALJ considered Listings 1.15, 1.16, 1.00E4, 1.00C6, 1.15D(3), 1.00E4, 1.18, 11.14, and 11.00G3b. (AR 26-27).

At step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b),

> in that he can lift and carry 20 pounds occasionally and 10 pounds frequently; can sit for six hours; stand for six hours; walk for six hours; and push and pull as much as he can lift and carry. However, he can frequently operate hand and foot controls bilaterally, and he is left hand dominant. He can occasionally reach overhead on the left. For reaching in all other directions, he can frequently reach bilaterally. The claimant can frequently handle, finger, and feel bilaterally. He can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and can occasionally stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights; and no more than occasional moving, mechanical parts and motor vehicle operation. He can have no more than occasional exposure to extremes of cold and heat and vibration. The claimant can understand, remember, and carry out tasks that can be learned and mastered in three to six months due to pain.

(AR 27-28).

At step five, the ALJ found Plaintiff has no past relevant work but that Plaintiff could perform occupations such as cashier, sales attendant, cleaner. (AR 41-42). Accordingly, the ALJ found that Plaintiff had not been disabled from March 17, 2020. (AR 42).

## II. Standard.

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if

supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

### III. Disability evaluation process.

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight

abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In

addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she can do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42

**IV.    Analysis and findings.**

   **A.    *Whether the ALJ failed to articulate supportability and consistency when evaluating medical opinion evidence.***

        1.    <u>The parties' arguments.</u>

Plaintiff argues that the ALJ erred in considering the supportability and consistency of the left-shoulder opinions by consultative examiner Kevin Ramsey, M.D. and the two state agency medical consultants Susan Ribeiro, M.D. and Amanjot Kaur, M.D.  (ECF No. 20 at 12-15).  All three physicians opined that Plaintiff was limited in his ability to reach.  (*Id.* at 14).  Plaintiff begins by pointing to portions of the record demonstrating his history of shoulder pain and his treatment for that pain.  (*Id.* at 12-13).  Plaintiff then argues that the ALJ did not explain why Dr. Ramsey's opinion was not supported by his examination findings where Dr. Ramsey had observed Plaintiff to have abnormal ranges of motion and decreased strength in his left upper extremity.  (*Id.* at 13).  Plaintiff asserts that the ALJ did not explain if the evidence served as a basis to reject Dr. Ramsey's opinion that Plaintiff had a limited ability to reach or if it supported his opinion.  (*Id.*).  Plaintiff adds that, in addressing the consistency factor, the ALJ outlined evidence that was *consistent* with Dr. Ramsey's and Drs. Ribeiro and Kaur's opinions, not evidence that was inconsistent with those opinions.  (*Id.* at 14).  Because the evidence the ALJ

cited appears consistent with Plaintiff's claim of disability due to his shoulder impairment, Plaintiff argues that the ALJ did not reasonably explain how she then concluded that Plaintiff would be capable of occasionally reaching overhead and frequently reaching in all other directions. (*Id*. at 14). This is especially true because the ALJ stated that Drs. Ramsey, Ribeiro, and Kaur's opinions were not consistent with the record but then somehow concluded that Plaintiff's reaching limitations were consistent with those physician's opinions. (*Id.* at 14-15). Plaintiff asserts that these inconsistencies frustrate meaningful review. (*Id.*).

The Commissioner responds that the ALJ's RFC was consistent with Drs. Ramsey, Ribeiro, and Kaur's opinions, not inconsistent with them. (ECF No. 22 at 5-6). The Commissioner argues that the RFC accounted for the doctors' findings. (*Id.*). And regarding certain opinions, the Commissioner points out that the ALJ's RFC is actually more restrictive than what the doctors opined. (*Id.*). The Commissioner argues that, because Plaintiff identifies no limitations for which the ALJ failed to account, there is no conflict for the Court to resolve. (*Id.*).

Plaintiff replies and reiterates that the ALJ did not properly explain why Dr. Ramsey's opinion was not supported by his own examination finding and why seemingly probative evidence was not consistent with Dr. Ramsey's opinion. (ECF No. 23 at 1-2). Plaintiff does not address the ALJ's consideration of Drs. Ribeiro and Kaur's opinions in reply. However, because the ALJ has an "obligation to explain why significant probative evidence has been rejected," Plaintiff argues that remand is appropriate. (*Id.* at 2-3).

        2.      <u>Analysis.</u>

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment relationship, and examining relationship), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical

finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Agency's] disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore, the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Even under the new regulations, the ALJ is obligated to consider the opinions from each medical source and cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); *see Kramer v. Kijakazi*, No. 20-cv-2065-GPC(AHG), 2022 WL 873630, at *4 (S.D. Cal. Mar. 24, 2022). "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

      Here, the Court finds that the ALJ did not sufficiently consider the supportability and consistency factors when analyzing Drs. Ramsey, Ribeiro, and Kaur's opinions. As a preliminary matter, it is unclear if the ALJ found Drs. Ramsey, Ribeiro, and Kaur's opinions regarding Plaintiff's reaching limitations persuasive or not. As Plaintiff points out, the ALJ's RFC—that Plaintiff is limited to occasional overhead reaching on the left and frequent reaching bilaterally in all other directions—appears consistent with Dr. Ramsey's opinion that Plaintiff is limited in left shoulder reaching and Drs. Ribeiro and Kaur's opinions that Plaintiff is limited on both sides in reaching front, laterally, and overhead. (AR 35, 100, 208). But it also appears that the ALJ may have actually rejected those reaching limitations.[2] Ultimately, it is unclear because

---

[2] This is for a few reasons. First, the ALJ noted that Dr. Ramsey's reaching limitation was vague because it did not state the extent of Plaintiff's limitation in reaching. (AR 35). Second, the ALJ stated that the doctors' opinions were persuasive only to the extent they were "consistent with" the ALJ's RFC. (AR 35, 39). But it is unclear whether the ALJ meant that the opinions were persuasive where they were the "the same as" her RFC or that they were persuasive where they were "similar to" her RFC.

the ALJ did not adequately explain the supportability and consistency factors when addressing the doctors' opined reaching limitations.

In addressing Dr. Ramsey's opinion—which the ALJ found somewhat persuasive—the ALJ did not explain how Dr. Ramsey's examination did not support Dr. Ramsey's opinion regarding Plaintiff's reaching limitations. Instead, the ALJ simply stated that "not all [aspects of the opinion] are supported by the examination," leaving it unclear which were and which were not. (AR 35). The ALJ also did not explain whether the longitudinal record supported or did not support Dr. Ramsey's reaching limitations. The ALJ stated that "[a]lthough some aspects of the opinion are consistent with the longitudinal record," not all of them are, again making it unclear which were and which were not. (AR 35). This is compounded by the fact that the ALJ then went on to describe portions of the record regarding Plaintiff's shoulder treatment which could either be consistent, or inconsistent, with Dr. Ramsey's findings. (AR 35-36). Specifically, the ALJ described Plaintiff presenting with pain in his shoulder in March, April, and May of 2021. (AR 35). These records both described full ranges of motion (albeit with pain); mild to moderate supraspinatus, mild infraspinatus, and subscapular tendinosis with minor subacromial-subdeltoid bursal fluid; impingement on the left shoulder and a high-grade partial insertional rotator cuff tear. (AR 35-36). The records then describe Plaintiff receiving surgery for his shoulder in June of 2021. (AR 36). Afterwards, records demonstrated that Plaintiff was recovering well, improving with physical therapy, tolerating new exercises, and demonstrated good progress with his range of motion. (AR 36). Without more explanation, it is not clear if the ALJ found these records consistent or inconsistent with Dr. Ramsey's findings that Plaintiff is "limited in left shoulder reaching." (AR 35).

In addressing Drs. Ribeiro and Kaur's opinions—which the ALJ found largely persuasive—the ALJ stated that the consultants supported their findings with detailed medical evidence. However, in addressing consistency, the ALJ noted that the doctors' findings were "not entirely consistent with the longitudinal medical evidence." (AR 39). The ALJ then proceeded to outline the same records regarding Plaintiff's shoulder that she did when addressing Dr. Ramsey's opinion. (AR 39). However, again, without more explanation it is not clear if the ALJ

found these records consistent or inconsistent with Drs. Ribeiro and Kaur's opinion that Plaintiff is limited on both sides in reaching front, laterally, and overhead.

The Court thus recommends granting Plaintiff's motion to remand on this issue. The Court further recommends requiring the ALJ on remand to consider the supportability and consistency factors when evaluating Drs. Ramsey, Ribeiro, and Kaur's opinions. The Court recommends denying the Commissioner's motion to remand on this issue.

### B. Whether the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony.

#### 1. The parties' arguments.

Plaintiff argues that greater limitations than that which the ALJ opined in the RFC are warranted because of his testimony regarding his shoulder. (ECF No. 20 at 15). Plaintiff argues that the ALJ did not properly provide clear and convincing evidence for rejecting Plaintiff's shoulder symptom testimony. (*Id.* at 15-16). Specifically, the ALJ relied on the fact that Plaintiff did "some" laundry and cleaning, handled his own finances, spent time with his children, and went to church. (*Id.*). But Plaintiff asserts that this evidence is not inconsistent with Plaintiff's complaints of debilitating reaching limitations. (*Id.*). As a result, Plaintiff argues that he has demonstrated that he requires additional and greater limitations than those opined by the ALJ. (*Id.*). Plaintiff argues that the ALJ's failure to find greater limitations was not harmless because additional limitations could be work preclusive and the ALJ should have presented those limitations to the vocational expert. (*Id.* at 16).

The Commissioner responds that the ALJ gave clear and convincing reasons for rejecting Plaintiff's shoulder symptom testimony because the ALJ found a medical examination suggesting that Plaintiff overstated the degree of his limitations. (ECF No. 22 at 3). The Commissioner adds that the ALJ considered Plaintiff's daily activities and determined that those activities conflicted with Plaintiff's allegations of disability. (*Id.* at 4). Specifically, Plaintiff's function report indicating that he helped care for his father is inconsistent with Plaintiff's testimony that his back pain stopped him from doing anything, was a nine out of ten, that he could not even write with his right hand, and that he could not lift anything at all because of his shoulder. (*Id.*). The

|   |   |
|---|---|
| 1 | Commissioner points out that, although Plaintiff pointed out that some of his daily activities were not inconsistent with his complaints of debilitating reaching limitations, Plaintiff did not address his activities in taking care of his father. (*Id.*). |

Commissioner points out that, although Plaintiff pointed out that some of his daily activities were not inconsistent with his complaints of debilitating reaching limitations, Plaintiff did not address his activities in taking care of his father. (*Id.*).

Plaintiff replies and reiterates that the evidence in the record demonstrates that greater restrictions were warranted. (ECF No. 23 at 2). Plaintiff points out that, while the ALJ considered his activities of daily living—which the ALJ was entitled to do—the ALJ did not demonstrate that these activities were transferable to the workplace. (*Id.* a 2). Plaintiff reasserts that his ability to do some laundry and cleaning, handle his own finances, spend time with his children, and go to church is not inconsistent with debilitating reaching limitations. (*Id.*). Plaintiff does not address the Commissioner's argument that Plaintiff cared for his father, which activity the Commissioner argues is inconsistent with his debilitating reaching limitations.

2. <u>Analysis.</u>

The ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible. 42 U.S.C. § 423(d)(5)(A) (explaining that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" absent additional findings). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Because the "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," the agency must explain its reasoning. *Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). The Ninth Circuit thus requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be

credible and ... explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (citing *Bunnell*, 947 F.2d at 346 and *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). That means "[g]eneral findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (superseded on other grounds); *see Holohan*, 246 F.3d at 1208 (concluding "that the ALJ's credibility determination was erroneous" because it was based on the ALJ's characterization of "the 'record in general'"). The Ninth Circuit has also held that only if a claimant's level of activity was inconsistent with that claimant's limitations would those activities have any bearing on the claimant's credibility. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). If a claimant's daily activities are consistent with that claimant's statements about her impairments, those daily activities do not satisfy the requirement of a clear, convincing, and specific reason to discredit the claimant's testimony. *Id.*

An ALJ must specifically identify the testimony he finds not credible and why. *Treichler*, 775 F.3d at 1102-1103. "An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review." *Id.* (internal quotations omitted). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.*

Here, the Court finds that the ALJ provided clear and convincing reasons for rejecting Plaintiff's symptom testimony. As a preliminary matter, Plaintiff does not argue that the ALJ failed to explain her reasoning for rejecting Plaintiff's testimony, made general findings, or that the ALJ failed to specifically identify the testimony she found not credible and why. Instead, Plaintiff confines his argument to asserting that his level of daily activity was consistent with his allegations of debilitating impairments in his shoulder. But Plaintiff's argument overlooks the fact that the ALJ did not rely on Plaintiff's daily activities alone to determine that Plaintiff's symptom testimony was not credible. The ALJ also relied on Plaintiff's medical records regarding his shoulder, which demonstrated that "[w]hile the claimant required surgery for his left shoulder, his most severe pain began in November 2020 and then he seems to have had what appears to be a successful surgical intervention in June 2021, a period of less than 12 months."

(AR 32). The ALJ added that "[n]otably, there is no indication that the claimant is at maximum medical improvement as to any condition, including his right hand and left shoulder." (AR 32).

Plaintiff also fails to address the fact that the ALJ relied not only on Plaintiff's abilities to do some laundry and cleaning, handle his own finances, spend time with his children, and go to church, but that the ALJ also relied on Plaintiff's ability to care for his father. (AR 34). The Commissioner brings this up in response. (ECF No. 22 at 3-4). But Plaintiff does not address it in reply.

Ultimately, Plaintiff's arguments on this issue are underdeveloped. The Court thus declines to recommend granting Plaintiff's motion to remand on this issue. The Court recommends denying Plaintiff's motion to remand in part regarding this argument and recommends granting the Commissioner's motion to affirm on this issue.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for remand (ECF No. 20) be **granted in part and denied in part.** The Court recommends granting Plaintiff's motion for remand regarding Plaintiff's argument that the ALJ did not adequately address supportability and consistency when evaluating Drs. Ramsey, Ribeiro, and Kaur's opinions. The Court recommends denying Plaintiff's motion for remand in all other regards.

**IT IS FURTHER RECOMMENDED** that the Commissioner's countermotion to affirm (ECF No. 22) be **granted in part and denied in part.** The Court recommends granting the Commissioner's countermotion to affirm regarding the Commissioner's argument that the ALJ provided clear and convincing reasons for rejecting Plaintiff's symptom testimony. The Court recommends denying it in all other regards.

**IT IS FURTHER RECOMMENDED** that this case be remanded for the ALJ to consider the supportability and consistency factors in analyzing Drs. Ramsey, Ribeiro, and Kaur's opinions.

///

///

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 8, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE